## JOHNSON *v.* PATTEN.

Where a party sells rails and receives payment, but fails to furnish or deliver them, he is liable to the vender for their value.

A book of accounts admissible as conducing to prove a payment for rails that were not furnished.

### *Appeal from Henry District Court.*

*Opinion by* GREENE, J. Johnson commenced suit against Patten on a promissory note made to Cochrane and by him assigned to the plaintiff after due. On the trial defendant introduced as a set off an account against Cochrane, the payee, in which there is an item of 620 rails at $2 50 per hundred—$15 50. In support of this item, defendant introduced evidence to show that Cochrane had purchased a piece of timber land jointly with one Hoskins; that in making a division, Cochrane took that portion which had the least timber, and that the rails in question were made on Haskins' portion, with the understanding that Cochrane should have the rails and take them away when he pleased. Subsequently Patten bought Cochrane's portion of the land and also the rails that were on Hoskins' half. Cochrane moved away and Hoskins then forbid Patten taking the rails, and finally sold them with his land, so that Patten never got them. Patten then charged the rails to Cochrane in his account book and introduced it as evidence in support of this item of set off. Plaintiff objected to the introduction of the account book for this object, but the court overruled the objection. It appears that there were other items in the account book and other evidence besides the book, of the demand for the rails. There is no objection made as to the circumstances under which the book was admitted in evidence. But it is objected that the transaction in relation to the rails was not a subject of book account, as they were connected with and became a part of the contract for the sale of land.

Although Patten purchased land of Cochrane at the same time that he purchased the rails, it does not follow that the rails were inseparably connected with the real estate transaction, in which title could only pass by a deed of conveyance. The two purchases were distinct. The title to the one was perfected by the deed ; but the right to the other could only be acquired by delivery and possession. The rails were upon the land and in the possession of another. When Cochrane sold them, a guaranty was implied that upon demand, the rails would be given up to Patten. But when the demand was made the rails were refused, and they were soon after sold and given up to another. As Cochrane failed to place Patten in possession of the rails, he was liable to him for their value, and they thereupon became a legitimate item of account. The proposition is simple and the conclusion obvious. C. sold the rails to P., and received the money for them ; but he failed to furnish them ; he was therefore liable for their value. The rails had never been delivered to P. They were in the possession of H., and he refused to give them up. P. was under no obligation to subject himself to an action of trespass by going on the premises of H. to take forcible possession of the rails. We think therefore that the court did not err in admitting the book of accounts as conducing to prove this item.

Judgment affirmed.

*A. Hall* and *D. P. Palmer*, for appellants.

*J. C. Hall*, for appellee.